Rinehart v. Cowell.

---

JACOB C. RINEHART ET AL., PROSECUTORS, v. WILLIAM
COWELL ET AL.

The prosecutors assisted in procuring a settlement between applicants
for a road and a land-owner, by which the applicants, in considera-
tion of the withdrawal of opposition to the road, paid for the land and
fenced the lines of the road at their own expense. After paying for
the land they opened the road and worked the same before the pros-
ecutor applied for a *certiorari.* *Held—*

1. Under these circumstances the prosecutors cannot have the benefit
of the writ of *certiorari.*

2. The writ must be dismissed and the proceedings remitted to the
Common Pleas.

On *certiorari.* In matter of road.

Argued at February Term, 1882, before Justices DEPUE,
VAN SYCKEL and PARKER.

For the prosecutors, *O. Jeffery.*

For the defendants, *M. Wyckoff.*

The opinion of the court was delivered by

PARKER, J. On the 10th day of June, 1880, the Court
of Common Pleas of the county of Warren appointed sur-
veyors of the highways to consider and determine upon the
laying out of a private road in the township of Franklin,
in said county, over lands late of John A. Rinehart, deceased,
and lands of James Riddle.

The applicants for the road were William Cowell and Lam-
bert Cowell.

On the 26th day of June, 1880, the road was laid out
and damages assessed to James Riddle and also to " the heirs
of John A. Rinehart, deceased."

James Riddle alone filed a *caveat* against recording the re-
turn. On his application, chosen freeholders were appointed

Rinehart v. Cowell.

to review the action of the surveyors and to certify in reference thereto.

No certificate of proceedings of the chosen freeholders having been made, the court directed the return of the road to be recorded.

By the statement of facts agreed upon by the attorneys of the respective parties, it appears that when the chosen freeholders met to review the action of the surveyors of the highway, the Rinehart heirs were represented by one of their number, and that he, with others, was instrumental in bringing about a settlement between the applicants and Riddle, to the effect that Riddle would cease his opposition to the road if the applicants would pay Riddle for his land over which the road was laid, and fence the same along the lines thereof. Relying on this agreement, the applicants paid for the land, put up fences, opened the road, and have, ever since, worked and maintained it.

Under these circumstances, the prosecutors should not have the benefit of the writ of *certiorari*. They assisted in an arrangement by which the applicants for the road were induced to expend their money. The applicants paid their money in good faith. The prosecutors permitted the road to be opened and worked before they applied for the writ.

The *certiorari* is dismissed, with costs. *State, Charlier, pros.*, v. *Woodruff*, 7 *Vroom* 204; *State, Hoboken L. & Imp. Co., pros.*, v. *Mayor, &c.*, 7 *Vroom* 291; *State, Grant, pros.*, v. *Clark*, 9 *Vroom* 102; *State, Wilkinson, pros.*, v. *Trenton*, 7 *Vroom* 499; *State* v. *Ten Eyck*, 3 *Harr.* 373.

There is a provision in the Road act whereby the assessment may be corrected through the action of the Court of Common Pleas.

The proceedings are remitted to that court.